UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JOE HAND PROMOTIONS, INC.,

                            Plaintiff,

           -against-

LA NORTENA RESTAURANT INC.,
*doing business as*
La Nortena #6, and
YOLANDA LUNA,

                           Defendants.
---------------------------------------------------------------x

REPORT AND
RECOMMENDATION

10-CV-4965 (NGG)

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Joe Hand Promotions, Inc. ("plaintiff") commenced this action against La Nortena

Restaurant Inc. and Yolanda Luna (collectively, "defendants"), alleging violations of 47

U.S.C. §§ 605 and 553. The complaint alleges that on November 1, 2008, defendants illegally

intercepted plaintiff's scrambled satellite transmission of a boxing match between Christian

Mijares and Vic Darchinyan ("the Event") and exhibited it for their own financial benefit. <u>See</u>

Complaint ("Compl.") ¶¶ 8-15, ECF Docket Entry ("D.E.") #1.

      Although properly served, defendants never answered or otherwise appeared in the

action. Accordingly, on January 20, 2011, the Honorable Nicholas G. Garaufis referred to the

undersigned magistrate judge plaintiff's motion for default judgment against defendants. <u>See</u>

Order Referring Motion (Jan. 20, 2011).

      For the reasons that follow, this Court recommends that plaintiff be awarded $5,870.00

in damages and costs against defendants, jointly and severally.

## BACKGROUND

Plaintiff paid "substantial fees" for an exclusive license to distribute the Event. Compl. ¶¶ 8-10. The telecast, delivered via closed-circuit television and encrypted satellite signal, was not available to the general public; plaintiff furnished decoding equipment and satellite coordinates only to establishments that paid a $500 fee. Compl. ¶¶ 10-12, 14; Plaintiff's Amended Supplemental Affirmation in Further Support of Judgment by Default ¶ 18 ("Pl. Am. Aff.") (Feb. 4, 2011), D.E. #11.

Jonathan H. Tisk, an auditor hired by plaintiff, supplied an affidavit attesting to an unauthorized screening of the Event at La Nortena. Affidavit of Jonathan H. Tisk ("Tisk Aff.") (Feb. 4, 2011), D.E. #12-1. Tisk paid a $10 cover charge to enter La Nortena, where he saw the restaurant screening the Event on two televisions to a number of patrons (counted as 34 or 36 at different times). Tisk Aff. at 1-2. The restaurant advertised the Event using posters in its windows; there were forty chairs set up facing the televisions. Tisk Aff. at 1. The "medium sized" establishment had space for roughly sixty patrons, including a bar that seated about eight. Id.

Plaintiff contends that defendants did not pay for the right to screen the Event, but rather intercepted the transmission and screened the Event for their financial gain. Compl. ¶¶ 13, 15; Tisk Aff. at 1 (noting that the restaurant imposed a $10 cover charge).

## DISCUSSION

Entry of a default judgment is appropriate provided the pleading properly states a claim upon which relief can be granted. See, e.g., Trustees of the Plumbers Local Union No. 1 Welfare Fund v. Axiom Plumbing & Heating Corp., No. 08-CV-116 (FB)(MA), 2009 WL

234348, at *1 (E.D.N.Y. Jan. 30, 2009) ("Axiom Plumbing").  If the allegations properly state a claim, the plaintiff must then establish damages.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) ("Greyhound").  "A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages." Axiom Plumbing, 2009 WL 234348, at *1 (citing Greyhound, 973 F.2d at 158).

Here the, complaint alleges that defendants violated both 47 U.S.C. §§ 553 and 605(a) and plaintiff seeks damages under both.  See generally Plaintiff's Memorandum of Law in Support of Request for Judgment by Default ("Pl. Mem.") (Feb. 4, 2011) at 7-8, D.E. #12.  However, "when a defendant's conduct has violated both sections 553 and 605, an aggrieved cable operator is 'entitled to only one, non-duplicative recovery.'" J & J Sports Prods., Inc. v. Alvarez, No. 07 Civ. 8852(RPP)(HBP), 2009 WL 3096074, at *4 (S.D.N.Y. Sept. 25, 2009) ("Alvarez") (quoting J & J Sports Prods., Inc. v. Dehavalen, No. 06 Civ. 1699(JGK)(MHD), 2007 WL 294101, at *2 (S.D.N.Y. Jan. 30, 2007)); see also Int'l Cablevision, Inc. v. Sykes, 997 F.2d 998, 1009 (2d Cir. 1993) ("Sykes I") (damages are available under only one statutory section, notwithstanding defendant's violation of both).  Accordingly, "where a defendant is found to have violated both statutes, the court should award damages pursuant to Section 605." Innovative Sports Mktg., Inc. v. Aquarius Fuente De Soda, No. 07-CV-2561 (ENV)(CLP), 2009 WL 3173968, at *5 (E.D.N.Y. Sept. 30, 2009) ("Innovative Sports") (citing Sykes I, 997 F.2d at 1009).

## I.    LIABILITY

The Court will first consider whether the complaint states a cause of action against defendants under 47 U.S.C. § 605(a).  Section 605 was enacted as part of the Cable

Communications Policy Act of 1984, which amended the Communications Act of 1934, 47

U.S.C. § 151 *et seq.* Section 605(a) provides in pertinent part that:

> No person not being authorized by the sender shall intercept any
> radio communication and divulge or publish the . . . contents . . .
> of such intercepted communication to any person.

47 U.S.C. § 605(a).

"Section 605(a) has been held to apply to the interception of cable communications

originating as a satellite or radio transmission." Innovative Sports, 2009 WL 3173968, at *5;

see Int'l Cablevision, Inc. v. Sykes, 75 F.3d 123, 131-32 (2d Cir. 1996); Garden City Boxing

Club, Inc. v. Polanco, No. 05 Civ. 3411(DC), 2006 WL 305458, at *5 (S.D.N.Y. Feb. 7,

2006); Entm't by J & J, Inc. v. Mama Zee Rest. & Catering Servs., Inc., No. CV-01-

3945 (RR), 2002 WL 2022522, at *2 (E.D.N.Y. May 21, 2002). As such, courts in this

circuit have held that where, as here, "at least part of the Event's transmission was

accomplished by satellite, the defendants' interception of the Event violates 47 U.S.C. §§

553(a)(1) and 605(a)." Alvarez, 2009 WL 3096074, at *4; see also Garden City Boxing Club,

Inc. v. Conway, No. 06 Civ. 3145(BSJ)(HBP), 2009 WL 125434, at *3 (S.D.N.Y. Jan. 20,

2009); cf. Cmty. Tel. Sys., Inc. v. Caruso, 284 F.3d 430, 434-35 (2d Cir. 2002) ("Caruso")

(noting disagreement with this view in two other circuits). The complaint alleges that

defendants intercepted, received and broadcast the satellite transmission of the Event without

authorization. See Compl. ¶¶ 11-15, 19; see also Pl. Mem. at 2-3. Thus, plaintiff adequately

alleges a violation of section 605(a) and this Court need not evaluate plaintiff's claims under

section 553.

Plaintiff asks that defendant Luna be held jointly liable as the owner of La Nortena.

*See* Compl. ¶¶ 6, 36.  "To establish a contributory violation of 47 U.S.C. § 605(a)," plaintiff must demonstrate that Luna "authorized the violations set forth in the Complaint."  Innovative Sports, 2009 WL 3173968, at *10 (citing Garden City Boxing Club, Inc. v. Morales, No. 05 CV 64, 2005 WL 2476264, at *10 (E.D.N.Y. Oct. 7, 2005) ("Morales")).  "To establish vicarious liability, . . . [plaintiff] must show that . . . [individual defendant] had a right and ability to supervise the infringing activities and had an obvious and direct financial interest in the exploitation of [the] copyrighted materials." Morales, 2005 WL 2476264, at *10 (alterations in original, internal citation and quotations omitted); accord Innovative Sports, 2009 WL 3173968, at *10.

"Since [Luna] has defaulted in this action, plaintiff's allegations remain unchallenged and must be accepted as true." Innovative Sports, 2009 WL 3173968, at *11.  As it is thus undisputed that Luna owned La Nortena, see Compl. ¶ 6, she had "the requisite control and financial interest to be held vicariously liable for the violation." Innovative Sports, 2009 WL 3173968, at *11 & n.10 (collecting cases); accord Morales, 2005 WL 2476264, at *10. Accordingly, this Court respectfully recommends that defendant Yolanda Luna be held jointly and severally liable for damages awarded in this action.  See Innovative Sports, 2009 WL 3173968, at *11; see also Caruso, 284 F.3d at 436 (holding defendants jointly and severally liable for purchase and installation of a single descrambling device).

## II.  DAMAGES

The Court must next consider the appropriate measure of damages to award plaintiff. Although a defendant, by defaulting, admits to all well-pleaded allegations pertaining to liability, the plaintiff nevertheless must provide evidence to substantiate its request for

damages; it is within the Court's discretion to determine whether that burden has been met. See, e.g., Greyhound, 973 F.2d at 158; Innovative Sports, 2009 WL 3173968, at *6.

## A. Statutory Damages

Plaintiff seeks to recover statutory damages from defendants pursuant to 47 U.S.C. §§ 553(c)(3)(A)(ii) and 605(e)(3)(C)(i)(II). See Pl. Am. Mem. at 7. Section 553 provides for awards ranging from $250 to $10,000, "as the court considers just." Section 605 provides for awards ranging from $1,000 to $10,000, "as the court considers just." Since plaintiff may recover only one award of statutory damages, the Court will evaluate plaintiff's claim under section 605, which provides for a greater minimum award. "When determining statutory damages under section 605, courts generally choose between two methods of calculation -- a per-customer damage calculation or a flat-sum award." Kingvision Pay-Per-View Ltd. v. Zalazar, 653 F.Supp.2d 335, 340 (S.D.N.Y. 2009) ("Zalazar"). The first approach multiplies a dollar amount, determined by the court, by the number of patrons alleged to be present during the unauthorized exhibition. See id. (noting cases awarding between $50.00 and $300.00 per patron). On the other hand, "[t]he flat-sum approach is typically used when the exact number of patrons who observed the unauthorized programming is unknown." Id.

Although no consensus exists, a number of courts have required that establishments similar to La Nortena's pay statutory damages in the amount of $50 per customer, provided this results in an award of at least the statutory minimum of $1,000. See, e.g., Innovative Sports, 2009 WL 3173968, at *8; J & J Sports Prods., Inc. v. Potions Bar & Lounge, Inc., No. 08-CV-1825 (FB)(CLP), 2009 WL 763624, at *7 (E.D.N.Y. Mar. 23, 2009) ("Potions"); J & J Sports Prods., Inc. v. Schrader Rest. Corp., 485 F.Supp.2d 422, 423 (S.D.N.Y. 2007);

<u>Time Warner Cable of N.Y. City v. Taco Rapido Rest.</u>, 988 F.Supp. 107, 111 (E.D.N.Y. 1997).  Here, based on the thirty-six patrons present during some portions of the broadcast,[1] this approach would result in a statutory damage award of $1,800, well above the $500 license fee plaintiff claims it would have imposed for a lawful screening of the Event.  Pl. Mem. at 5. <u>See</u> <u>Innovative Sports</u>, 2009 WL 3173968, at *8 (noting that "[a]n obvious starting point for determining the damages owed to plaintiff is the licensing fee that defendants would have paid to show the Event legally.").  A baseline damage award of $1,800 would likewise exceed defendants' likely profits from their $10 per person cover charge.  Tisk Aff. at 1. Accordingly, the Court respectfully recommends imposing statutory damages in the amount of $1,800.

### B.  Enhanced Damages

Plaintiff also seeks to recover "enhanced damages" under section 605(e)(3)(C)(ii), <u>see</u> Pl. Am. Mem. at 5, which permits the Court to increase an award by up to $100,000 "in any case in which the court finds that the violation was committed wilfully and for the purposes of direct or indirect commercial advantage or private financial gain . . . ."  47 U.S.C. § 605(e)(3)(C)(ii).

In this case, enhanced damages are warranted.  Defendants' unauthorized broadcast of the Event was undoubtedly willful and for financial gain.  La Nortena could not have received the broadcast signal without actively attempting to circumvent the access restrictions imposed. <u>See</u> Plaintiff's Affidavit in Support of Motion for Default Judgment ("Hand Aff.") (Feb. 4,

---

[1]  Tisk counted, at different times, 34 or 36 patrons.  Tisk Aff. at 2.

2011) ¶ 9, D.E. #12-2.  The restaurant sought to profit from the Event by imposing a $10

cover charge.  Tisk Aff. at 1.  Courts frequently award enhanced damages in comparable

cases.  See, e.g., J & J Sports Prods., Inc. v. Bernal, No. CV 2009-3745 (FB)(MDG), 2010

WL 3463156, at *5 (E.D.N.Y. Jul. 28, 2010) (awarding enhanced damages of $3,000 where

small business illegally broadcast a boxing match to ten patrons); Alvarez, 2009 WL 3096074,

at *6 (awarding enhanced damages of $5,000 where small business illegally broadcast a boxing

match); Potions, 2009 WL 763624, at *8 (awarding enhanced damages of $10,000 where small

business illegally broadcast a boxing match to thirty-eight patrons); Zalazar, 653 F.Supp.2d at

340-42 (awarding enhanced damages of $5,000 where small business illegally broadcast a

boxing match to nine patrons); J & J Sports Prods., Inc. v. Benson, No. 06-CV-1119 (CPS),

2007 WL 951872, at *5 (E.D.N.Y.  Mar. 27, 2007)  ("Benson") (awarding enhanced damages

of $3,600 where venue had fifty-person capacity, but only five patrons); Joe Hand Promotions

v. Hernandez, No. 03 Civ. 6132(HB), 2004 WL 1488110, at *5 (S.D.N.Y. June 30, 2004)

("Hernandez") (awarding enhanced damages of $1,500 where small business illegally

broadcast a boxing match to about twenty patrons).

In determining an appropriate amount of enhanced damages in cases involving cable

and satellite piracy by taverns and restaurants, courts consider factors "such as allegations of:

(1) repeated violations over an extended period of time; (2) substantial unlawful monetary

gains; (3) significant actual damages to plaintiff; (4) defendant's advertising for the intended

broadcast of the event; and (5) defendant's charging a cover charge or charging premiums for

food and drinks."  Kingvision Pay-Per-View Ltd. v. Rodriguez, No. 02 Civ. 7972(SHS), 2003

WL 548891, at *2 (S.D.N.Y. Feb. 25, 2003).  Courts also consider the "statutory objective of

deterring future violations of 47 U.S.C. § 605 . . . ." <u>Benson</u>, 2007 WL 951872, at *5.
Many courts fix the enhanced damage award as a multiple of the statutory damages. <u>See</u>, <u>e.g.</u>,
<u>id</u>. (tripling $1,200 base award to assess enhanced damages); <u>Joe Hand Promotions v.
Martinez</u>, No. 07 CV 6907(GBD)(MHD), 2008 WL 4619855, at *6 (S.D.N.Y. Oct. 17, 2008)
("<u>Martinez</u>") (doubling base award to arrive at total damage award).

The Court considers the latter approach justified. While defendants did advertise and
impose a cover charge for the Event, plaintiff adduces no evidence that defendants repeatedly
violated the statute or reaped great monetary gain from their misconduct. The Court
respectfully recommends an enhanced damage award equal to twice the statutory damages, or
$3,600. <u>See</u>, <u>e.g.</u>, <u>Martinez</u>, 2008 WL 4619855, at *6; <u>Entertainment by J&J, Inc. v. Friends
II, Inc.</u>, No. 02Civ.585(JES)(RLE), 2003 WL 1990414, at *4 (S.D.N.Y. Apr. 25, 2003).
Given the minimal profits associated with the unauthorized screening, such a sum should be
sufficient deter a relatively modest establishment such as La Nortena from similar misconduct
in the future. <u>See</u> <u>Hernandez</u>, 2004 WL 1488110, at *5 (concluding that $1,500 in enhanced
damages on top of statutory damages of $1,000 was sufficient to deter future violations by
small commercial establishments); <u>see</u> <u>also</u> <u>Zalazar</u>, 653 F.Supp.2d at 343 (concluding that
$5,000 in enhanced damages, in addition to $1,025 in statutory damages, was sufficient to
compensate plaintiff and deter defendants and others from future violations).

### C. Prejudgment Interest

Plaintiff likewise seeks prejudgment interest, computed at the statutory rate of nine
percent, from the November 1, 2008 date of the unauthorized screening. <u>See</u> Pl. Mem. at 18.
Section 605 does not provide for awards of prejudgment interest, though courts have discretion

to award such relief even absent explicit statutory authorization when doing so would be "fair, equitable and necessary to compensate the wronged party fully." Innovative Sports, 2009 WL 3173968, at *10 (quoting Garden City Boxing Club, Inc. v. Rojas, No. 05 CV 1047, 2006 WL 3388654, at * 9 (E.D.N.Y. Nov. 21, 2006)). Nevertheless, "[p]re-judgment interest is generally awarded only in 'exceptional cases.'" Innovative Sports, 2009 WL 3173968, at *10 (citing Am. Honda Motor Co. v. Two Wheel Corp., 918 F.2d 1060, 1064 (2d Cir. 1990)). Where, as here, plaintiff is receiving the functional equivalent of punitive damages in addition to statutory damages, an award of prejudgment interest is unnecessary. See Wickham, 955 F.2d at 834 (noting that "if the statutory obligation on which interest is sought is punitive in nature[,]" prejudgment interest should not be imposed); Garden City Boxing Club, 2006 WL 3388654, at *9. Plaintiff's submission offers no argument that this case is so "exceptional" as to merit an award of prejudgment interest. See Pl. Mem. at 18. Accordingly, this Court recommends that plaintiff not be awarded prejudgment interest.

### D. Fees and Costs

Section 605 also provides for the recovery of costs and reasonable attorneys' fees. See 47 U.S.C. § 605(e)(3)(B)(iii) (the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees[,] to an aggrieved party who prevails"); see also Sykes I, 997 F.2d at 1009. Plaintiff does not seek attorneys' fees, but does seek costs, specifically a $350 filing fee and $120 process server fee. See Pl. Mem. at 18. Because these costs are reasonable, the Court further respectfully recommends that plaintiff be awarded $470 in costs.

## CONCLUSION

For the foregoing reasons, this Court recommends that plaintiff be awarded $5,870.00 in damages and costs against La Nortena Restaurant and Yolanda Luna, jointly and severally.

Any objections to the recommendations contained herein must be filed with Judge Vitaliano on or before <u>April 14, 1011</u>.  Failure to file objections in a timely manner may waive a right to appeal the District Court order.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

The Clerk is directed to enter this Report and Recommendation into the ECF system and to transmit copies by Federal Express to defendants at the following addresses:

La Nortena Restaurante Inc.              Yolanda Luna
d/b/a La Nortena #6                      c/o La Nortena Restaurante Inc.
102-14 Roosevelt Avenue                  102-14 Roosevelt Avenue
Corona, NY 11368                         Corona, NY 11368

Yolanda Luna                             Yolanda Luna
97-13 37th Avenue                        37-28 98th Street, Apt. #1-B
Corona, NY 11368                         Corona, NY 11368

**SO ORDERED.**

**Dated:**    **Brooklyn, New York**
           **March 28, 2011**


                        **ROANNE L. MANN**
                        **UNITED STATES MAGISTRATE JUDGE**